## PROFESSIONAL ACCEPTANCE CORP v HOELSCHER et

Ohio Appeals, 2nd Dist, Greene Co

No 441. Decided Nov 8, 1938

Arnold C. Shaffer, Dayton, for plaintiff-appellant.

W. S. Rhotehamel, Dayton, and Chester Graham, Dayton, for defendants-appellants.

## OPINION

By THE COURT

The above entitled cause is now being determined on the plaintiff-appellant's application for rehearing.

On October 13, 1938, our court met in regular session at Xenia, Greene County, Ohio, and oral arguments in the above case were presented on defendants-appellees' motion to dismiss on the claimed ground that our court did not have jurisdiction to hear. Counsel for both sides presented their oral arguments. Counsel for both appellant and appellees apparently were laboring under an erroneous understanding as to the state of the record. Through the colloquy between counsel and the court the nature of the case was such as to leave no alternative but to affirm the judgment and dismiss the appellee.

When counsel were in agreement as to the state of the record we felt warranted in accepting such statements and in deciding the case from the bench.

The application for rehearing prompts us to examine the record and we now find that neither side had a correct conception of its status. The application for rehearing for the first time calls to our attention a very material and determinative element to which our attention was not called in the oral argument.

The following brief statement of facts will render understandable the nature of the controversy and how the misunderstanding arose.

The action originated in the Municipal Court of Xenia, Ohio, where plaintiff-appellant took cognovit judgment against the two defendants. The note was signed by Nora Hoelscher as maker and was payable to Clarence J. Gensler. The defendant Gensler was endorser. The power of attorney authorizing the confession of judgment limited the power to the undersigned. The undersigned was defendant Nora Hoelscher. The defendant Clarence J. Gensler would not come within that description as contained in the body of the note. Above defendant Gensler's signature as endorser there was another complete power of attorney given for confession of judgment. However, this power of attorney on the back of the note was not incorporated in the petition and hence under the state of

**296**

the pleading the Municipal Court had no authority to enter judgment against Gensler under the power of attorney as contained in the body of the note.

After this judgment in the Municipal Court Gensler appeared for the purpose of motion only and asked that the judgment be set aside for the reason that it was issued on warrant of attorney without personal service and for more than was due. This motion was sustained.

When the case was presented in our court we were given to understand that this was the final order from which error was being prosecuted to our court.

And apparently counsel on both sides were of such opinion or at least such was the substance of the oral presentation.

The record presents an entirely different situation and of course we will follow the record rather than the erroneous understanding of counsel.

The fact is that not only was the judgment set aside as to defendant Gensler but in addition he sought and obtained leave to file answer. Answer was filed and the cause came on for hearing before the Municipal Court on the issues as joined through plaintiff's petition and defendant Gensler's answer. The Municipal Court found for the defendant Gensler and on request of plaintiff made separate findings of fact and law.

The plaintiff gave notice of appeal to the Common Pleas Court and on hearing that court sustained the judgment and finding of the Municipal Court. Thereafter, within statutory time notice of appeal was given which planted the case in our court. Under this state of the record appellant's application for rehearing must be sustained. The cause is properly in our court for hearing on the merits. Appellant's brief has been filed. Counsel for appellee Gensler will be given twenty days within which to file answer brief. Thereafter appellant will have five days within which to file reply brief.

The entry may show that appellees' motion filed October 13, 1938, to dismiss appellant's appeal will be overruled and also appellees' motion to strike appellant's application for rehearing from the files will be overruled; in addition the entry will conform to the opinion.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.